## DAVIS v. McDUFFIE.

1. Upon the reading of the complaint at the hearing, and the affidavit upon which a preliminary injunction had been granted, the complaint, on defendant's motion, may be dismissed, if not stating facts sufficient to constitute a cause of action; nor is it proper in such case that the answer should be read.*
2. Where a purchaser at a master's sale fails to comply on the day of sale, under a verbal agreement with the master, and afterwards tenders the cash portion and offers otherwise to comply, but the master refuses, a higher bid at a resale having been guaranteed, and infants being interested. *Held*, that an action by the purchaser against the master for specific performance would not lie.
3. This case distinguished from *Yates* v. *Gridley*, 16 *S. C.* 496.
4. The proper proceeding by the purchaser was a rule against the master in the original cause still pending, and such a rule having been applied for and discharged, the purchaser's only further remedy was an appeal from such refusal.

---

Before WITHERSPOON, J., Marion, March, 1882.

* See *Kennerty* v. *Etiwan Phosphate Company*, 17 *S. C.* 411.

This was an action by Matilda E. Davis against A. Q. McDuffie and the distributees of Archibald McIntyre, deceased, commenced in December, 1880. The opinion states the case.

The Circuit decree, omitting its statement, was as follows:

Upon hearing the complaint, affidavit and order of injunction above referred to, defendants' counsel insisted that the complaint should be dismissed upon the following grounds, to wit:

1. That the complaint did not set forth facts sufficient to constitute a cause of action; that, admitting the allegation to be true, there was no cause of action. 2. Because the court has now no jurisdiction of the matters set forth in the complaint.

The plaintiff's counsel insisted that the defendants should have demurred or given notice of a motion to dismiss the complaint, and that having answered, it was too late to object in this way. I held and adjudged that it was not necessary that defendants should have made such objection to the complaint, either by demurrer or answer, or even make a motion to dismiss the complaint; that upon hearing the complaint at the trial, the court, of its own motion, can and should dismiss it, if it does not set forth a sufficient cause of action, or if the court cannot entertain jurisdiction, or will not grant the relief asked for.

I further hold and adjudge: That the complaint asks for a relief the court cannot grant; that the court cannot decree the specific performance by its officer, the master, of a mere understanding or agreement by which he was to give time and indulgence to a purchaser at a sale made by him, which, in law, he had no right or authority to do, and which, in any event, he could only do with the consent of the parties in interest. *The terms of sale, fixed by the order of the court,* were *the law* of the case, and they must be strictly followed. They cannot be altered by usage or custom. When plaintiff obtained time and indulgence, without the consent of parties in interest, she took all the risks, and, by her own showing, forfeited all her rights as purchaser, by not complying with bid, in accordance with terms of sale. See cases of *Seymour* v. *Preston, Spears Eq.* 485, and *Baily* v. *Baily,* 9 *Rich. Eq.* 392.

But even if a sufficient cause of action had been set forth in the complaint, I hold and adjudge that this court cannot take

jurisdiction now of the matters alleged, because it appears that they have already been fully heard and passed upon by a Circuit judge in open court, viz., by rule, and he has refused to order the master to make title to plaintiff. If she was dissatisfied with said decree of Judge Aldrich, plaintiff should have appealed therefrom, and not come again into the court in another form of proceeding, to ask it to correct its own errors.

It is therefore ordered and adjudged, That the complaint be dismissed with costs, that the injunction heretofore granted by Judge Hudson be dissolved, and that the master, A. Q. McDuffie, do proceed to carry out the order for sale, dated October 8th, 1880, by selling the tract of land described in the complaint herein, on the first Monday in October next, or some convenient sales day thereafter, after duly advertising same, on the terms fixed by said order.

From this decree the plaintiff appealed.

*Messrs. Townsend & McKerall*, for appellant.

*Messrs. C. A. Woods, Blue & Walsh*, contra.

February 15th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. Under proper proceedings instituted in the Court of Common Pleas for Marion county, which are still pending, an order was made for the sale of all the real estate of Archibald McIntyre, deceased, in separate lots or parcels, on the following terms, viz.: one-third cash, the balance on a credit of one and two years, to be secured by bond and mortgage. In pursuance of this order, the master offered the real estate for sale in separate lots, on the first Monday (being the first day) of November, 1880, when one of the lots, No. 2, was bid off by the plaintiff in this case at $2,500, through her husband and agent, Ezra M. Davis.

The complaint, after setting out substantially the foregoing facts, alleges that on the day of sale, the agent of the plaintiff "made an agreement with A. Q. McDuffie, master, that the said

2G

bid would be complied with in a reasonable time by paying the cash portion of the purchase-money, and executing a bond and mortgage to secure the credit portion of the same, as was the custom in such sales in said county; and that on or about the fifteenth day of November, 1880, the plaintiff, by her agent aforesaid, duly tendered to the defendant, A. Q. McDuffie, master, the cash portion of said purchase-money, and her bond and mortgage for the residue," but that said defendant then refused and still doth refuse to make her a conveyance of said lot of land.

It is also alleged in the complaint that, at the instance of the plaintiff, a rule was issued by the Court of Common Pleas, requiring the master to show cause why he refused to make title to the plaintiff, and that upon hearing the rule and answer thereto, the Circuit judge made a decree, in which, while plainly intimating that, in his opinion, the master ought to make titles, yet stated that it was a matter in the discretion of the master, and he declined to order the master to exercise his discretion, especially as the interests of infants were involved, and a paper had been filed, at the hearing of the rule, by one of the parties interested, guaranteeing that the land bid off by the plaintiff would bring, at a resale, at least $1,000 more than her bid. He therefore left the master to act as he might be advised, " so that a proper case may be made for the judgment of the court."

The complaint further alleged, that the master had re-advertised the land for sale on the first Monday in January, 1881. Thereupon the plaintiff brought this action, wherein she demands judgment, first, for an injunction restraining the master from selling; second, "that A. Q. McDuffie, master, be required and ordered to fulfill his agreement, and to make a title to the plaintiff" for the said tract of land, "on the plaintiff paying forthwith to him the cash portion of the price at which the said land was bid off, and executing her bond and a mortgage of the land to secure the residue, in accordance with the directions of the said decretal order."

Upon the complaint and an affidavit supporting its material allegations, an *ex parte* order of injunction was made, restraining the master from selling until the further order of the court.

When the case came up for hearing before the Circuit Court, after the complaint was read, together with the order for injunction and the affidavit upon which it was based, the counsel for defendants made a motion to dismiss the complaint upon two grounds: 1. Because it did not state facts sufficient to constitute a cause of action. 2. Because the court had now no jurisdiction, as the matter had been disposed of by the decree of Judge Aldrich. The counsel for plaintiff opposed the hearing of the motion, upon the ground that no notice of it had been given, and he also insisted that before the motion could be heard the answers should be read; but the Circuit judge declined to hear them, and, after argument, granted the motion to dismiss the complaint upon both the grounds upon which it was based.

Thereupon the plaintiff appealed upon numerous grounds, which, though stated in various forms, practically raise the following questions only: First. Whether notice of the motion to dismiss the complaint, upon the grounds stated, was necessary? Second. Whether it was necessary that the answer should be read before determining the motion? Third. Whether the complaint stated facts sufficient to constitute a cause of action? Fourth. What was the effect of the decree of Judge Aldrich refusing to make the rule against the master absolute?

The first question is disposed of by the case of *Brown* v. *Buttz*, 15 *S. C.* 488. This was not a motion preliminary to the hearing of a cause, nor was it a motion to dissolve an injunction, but it was a motion made at the hearing on the merits of the case, and no notice was required. It was, in fact, a demurrer under section 165 of the revised code, which was not waived by a failure to make the objection by a formal demurrer or answer. *Id.,* § 169.

As to the next question, we can see no reason why the answers should have been read. The questions submitted by the motion to dismiss the complaint depended solely upon the allegations contained in the complaint, which, for the purposes of the motion, were to be regarded as true. The answers could not possibly have thrown any light on the questions submitted for the consideration of the court, and were, therefore, wholly irrelevant, and if read could not have been considered. We see no

error, therefore, on the part of the Circuit judge in declining to hear the answers.

The next and fundamental inquiry in the case, is whether the complaint stated facts sufficient to constitute a cause of action. We agree entirely with the Circuit judge, that it did not. Conceding every fact stated in the complaint to be absolutely true, we are unable to perceive what cause of action the plaintiff can have. To say nothing of the anomaly of a court entertaining an action against its own officer for declining to execute fully an order of sale made in a cause still pending, wherein his compliance could be enforced by the more summary proceeding by rule and attachment, we do not think that the plaintiff has stated a case entitling her to the relief demanded—specific performance of an agreement for the sale of land—or any other relief.

It is not very clear, from the statements made in the complaint, what agreement she is asking the specific performance of. If it is the agreement arising from the bid made by the plaintiff, at the sale made under the order of the court, then it is very clear that the plaintiff is not entitled to the relief demanded, for, according to her own showing, she did not comply with the terms of that agreement, as fixed by the order of sale, inasmuch as she failed to make the cash payment as required by the terms of that order. If, on the other hand, the agreement she is seeking to enforce is the verbal arrangement made by her agent with the master on the day of sale, then she is not only asking the specific performance of an agreement for the sale of land which was not in writing, but, what is of more consequence, she is seeking to enforce an agreement which the master had no authority whatever to make, for nothing can be clearer than that the master has no power to add to or vary the terms fixed by the court in the order of sale. *Seymour* v. *Preston, Spears Eq.* 481 ; *Baily* v. *Baily,* 9 *Rich. Eq.* 392.

The case of *Yates* v. *Gridley,* 16 *S. C.* 496, relied on by the appellant, is not in point. In that case the order of sale required not that a fixed sum should be paid in cash, but so much as might be necessary to pay the costs of the suit; and it did not appear that the amount necessary for that purpose had been ascertained on the day of sale, and, inasmuch as the clerk after-

wards received the cash payment without objection and executed the deed, the legitimate inference was that the parties interested had acquiesced in the delay, and, therefore, could not afterwards make such delay a ground for setting aside an executed contract. Again, in *Yates* v. *Gridley*, the contract was executed, while here it is executory merely, and as is said in *Gasque* v. *Small*, 2 *Strobh. Eq.* 76 : "There is a material difference between a party who seeks to rescind and one who seeks to enforce an agreement, as it requires much stronger evidence to effect the former, than will be sufficient to enable the defendant to resist the latter, and, in applying either of the remedies, an important distinction must be observed between executory and executed contracts. It seems from what is said by all elementary writers on this subject, that the specific performance of agreements is not an absolute right in the party, but a question of sound discretion in the court."

Hence, even if there was no other obstacle in the way of the plaintiff, it is, to say the least, very doubtful whether the court, in the exercise of its discretion, would enforce the performance of this agreement, where the plaintiff has not herself strictly complied with the terms of the sale, and the court is given to understand that if the property is resold it will bring a much larger price, especially as it appears that the interests of minors are involved.

The only remaining inquiry is as to the effect of the proceedings before Judge Aldrich. Under the view already taken this becomes a matter of no practical importance, but we may say that the proceeding by rule was the proper course for the plaintiff to pursue, and when the relief thus sought was denied, her remedy was by appeal and not by another action. The case in which the order of sale was made was still pending, and if any of the parties to that cause, or a purchaser at a sale made under an order in such cause, who thereby became a party to the extent necessary to enable him to move in the cause, conceived that his rights were prejudiced by the non-action of the officer ordered to make the sale, his remedy would be by rule against such officer, and not by another action.

The judgment of this court is that the judgment of the Circuit Court be affirmed.